## Zimmerman v. Nuss

Before Gibson, P. J., Carson and Cummins, JJ.

*Charles G. Sweet* and *David I. McAlister*, for plaintiff.

*Bloom, Bloom & Yard*, for defendant.

CARSON, J., February 26, 1951.—Plaintiff filed a complaint in assumpsit to recover compensation for damages done to his automobile. Plaintiff alleged that he had left his automobile in the custody of defendant at a parking lot conducted by defendant for hire, but that when the car was returned to him it was in a damaged condition. Defendant filed an answer admitting that plaintiff had left the automobile at the parking lot operated by defendant, and averring that plaintiff was informed that, for a fee of 35 cents, the car could be left at the parking lot until 9 p. m., at which time the parking lot would close, and that cars left on the lot after that hour would be left at the owner's own risk.

Plaintiff was a nonresident. His counsel, previous to trial, issued a rule to take deposition of plaintiff, and gave notice to defendant's counsel that the deposition would be taken before Ivan J. Solomon, a notary public at Baltimore, Md., on October 22, 1949, together with a copy of the direct interrogatories. This rule was issued pursuant to the Act of June 25, 1895, P. L. 279, sec. 1, 28 PS §6, and in accordance with the rules of Washington County relating to depositions. No cross-interrogatories were filed. Rule 3 of the local courts relating to "Depositions" provides, inter alia:

"All depositions taken under this and any other rule, shall be filed within ten days after being so taken." The deposition was taken on October 22, 1949, and the case came to trial Monday, November 13, 1950. However, the deposition was not filed previous to the trial.

After the jury was sworn a view was had of the premises, and the trial recessed until Tuesday, November 14, 1950, at which time, in the absence of plaintiff, his counsel offered in evidence the deposition. Defendant objected to the reading of the interrogatories and answers for the reason that they had not been filed of record in the office of the prothonotary in compliance with rule 3. Counsel for plaintiff did not explain the absence of plaintiff, nor call any other witnesses. Plaintiff then rested his case and defendant made a motion for compulsory nonsuit, which was overruled and an exception noted.

Defendant and two witnesses testified, inter alia: That defendant operated a gasoline station in the City of Washington, and, in conjunction therewith, operated a daytime parking lot; that plaintiff had called to park his car and was informed:

"We do not have overnight parking. You leave your car here to 9 o'clock; after 9 o'clock there is no attendant, and there won't be until the next morning, unless it is a special case where we have a dance or something."

That plaintiff replied, "I'd like to park," and was then informed: "There's a space for you. Pull it in and lock it up, and take your keys with you." That plaintiff asked, "What if I go out?" and was informed, "That's perfectly all right, but there will be no attendant here after 9 o'clock, and no charge after 9 o'clock." That plaintiff then placed his automobile, locked it and, after paying the charge of 35 cents, took his keys and proceeded to the hotel.

Testimony was also given that plaintiff, later in the same evening, secured the car, took it away from the parking lot, and the next morning came to the parking lot and asked for his car, but it was not there. At that time it was testified that plaintiff said, inter alia: "Gee, I forgot to lock the car and take the keys with me when I parked the car and came back in last night ... it's my fault, I didn't lock the car and didn't take the keys with me when I brought it back in." Plaintiff offered no rebuttal. The jury returned a verdict for plaintiff.

Defendant filed a motion for judgment non obstante veredicto, and also motion for new trial.

### Motion for Judgment n. o. v.

In considering the sufficiency of the evidence to sustain a verdict, we must accept as true all the facts and proper inferences of fact wherever appearing in the record, if favorable to plaintiff, and must reject all those favorable to defendant if depending solely upon testimony: Wermeling v. Shattuck et al., 366 Pa. 23, 29.

There was evidence, e.g., the answer of plaintiff to the interrogatories, and the facts agreed upon at the pretrial conference, to show that plaintiff, on the evening of October 20, 1947, left his Plymouth sedan at the parking lot of defendant, and paid the required charge therefor, and that during the night some person other than plaintiff removed the car from the parking lot and damaged it to the extent of $795.34.

In view of this evidence and the inferences which could properly be drawn therefrom, the motion for judgment n. o. v. must be overruled.

### Motion for New Trial

Defendant has assigned 15 reasons for new trial. For the purpose of the present proceeding we need

consider only the second and sixth reasons. Second: "The verdict was against the weight of the evidence." Sixth: "The court erred in permitting the deposition of the plaintiff to be introduced into evidence."

We shall consider the sixth reason first. The act of assembly, supra, specifically requires, inter alia: ". . . testimony so taken upon such rule and notice shall be entered in the prothonotary's office. . . ." Rule 3 of this court requires, inter alia: "All depositions taken under this and any other rule, shall be filed within ten days after being so taken." Plaintiff failed to comply with the act of assembly and with the rule of this court. Defendant, at the proper time, took due exceptions to the failure to file the deposition in the prothonotary's office, and to the introduction and reading of the deposition into evidence. Defendant was entitled to have knowledge of the answers of plaintiff to the questions in the deposition before they were read into the record. The sixth reason assigned by defendant for new trial must be sustained.

It is difficult to understand how a jury, upon the scanty evidence offered, could have returned a verdict in favor of plaintiff and against defendant. To do so would require the jury to find that the testimony of defendant and of his two witnesses could not be believed. One of these witnesses was entirely disinterested, and the testimony of all of these witnesses seemed to be clear, unequivocal and convincing. The weight of the evidence was clearly in favor of defendant and, therefore, the second reason assigned for a new trial by defendant must be sustained. The verdict of the jury was so contrary to the weight of the evidence that we believe an injustice has been done by this verdict, and a new trial should be granted.

Inasmuch as this case will be retried, we will comment upon defendant's exception to the offer into evi-

dence of the deposition for the reason that the notary did not attach the proper authentication to his commission as required by the Uniform Acknowledgment Act of July 24, 1941, P. L. 490, amended June 21, 1947, P. L. 855, 21 PS §291.9. This act applies specifically to legal documents such as deeds and mortgages, and does not necessarily, by implication, include affidavits. See Cummins Diesel Sales and Service, Inc., v. Ramsey, 71 D. & C. 503, 505; 3 Standard Pa. Practice 166, §63.

"If the affidavit is sworn to before a notary of another state, the latter is not required to affix thereto a certificate showing his authority to act as such. In the absence of proof to the contrary, it will be presumed that a notary of another state has the power to take an affidavit."

While plaintiff in his brief has argued that the court has the discretion to admit this deposition into evidence and to disregard what is called "technical objection", we fail to find anything in the record that would move the court to exercise such discretion. The testimony in the admissions is scanty and there was no corroboration whatsoever of plaintiff's testimony, and defendant, clearly, was entitled to cross-examine plaintiff upon his unsupported scanty testimony.

### Order

And now, February 26, 1951, defendant's motion for judgment n. o. v. is overruled.

And now, February 26, 1951, an exception is noted to defendant for the overruling of motion for judgment n. o. v.

And now, February 26, 1951, defendant's motion for new trial is granted and the verdict in favor of plaintiff is set aside and the case is ordered to be placed on the issue docket and trial list.